OPINION OF THE COURT
Alexander W Hunter, Jr, J.
The application of petitioner Gracie Square Hospital, for an order pursuant to Mental Hygiene Law § 9.60 (Kendra’s Law) directing assisted outpatient treatment (AOT) of respondent Jesglar C., is granted.
On September 18, 2013, an AOT hearing was conducted to determine whether petitioner met its burden, by clear and convincing evidence, that respondent meets the criteria of Kendra’s Law.
The treating psychiatrist of respondent, Dr. Igor Kirzhner, testified that respondent was admitted to the hospital in May of 2013 and that respondent meets the criteria for AOT. The AOT plan developed by Dr. Kirzhner provides that respondent shall: (1) meet with an assertive community treatment (ACT) team; (2) submit to drug testing; and (3) take a prescribed mood stabilizer and antipsychotic. For additional support, respondent shall reside in an apartment in close proximity to a family member. Dr. Kirzhner further testified that the proposed AOT plan is the least restrictive means of treating respondent and that respondent is unlikely to safely survive without it.
Respondent consented to the proposed AOT plan. Respondent understood that he would be assigned an ACT team, that he would he taking medications prescribed by his psychiatrist, and that he would be living independently. However, respondent questioned the court why patients were prohibited from smoking marijuana cigarettes in the hospital. In his opinion, smoking medicinal marijuana cigarettes improves judgment.
It was clear to this court that upon discharge from the hospital, respondent intended to consume marijuana. Accordingly, this court initially denied the application of petitioner to release respondent from the hospital with an AOT plan.
Dr. Kirzhner was recalled to testify regarding the use of marijuana by respondent. Dr. Kirzhner testified that respondent had been on the mentally ill/chronically addicted inpatient unit for the past four months since he was admitted into the hospital. Respondent has been hospitalized multiple times due to his consumption of a synthetic cannabinoid commonly referred to as “K-2,” which causes gross psychotic decompensa *640 tion. When respondent decompensates, he roams the streets and becomes disorganized. The doctor noted that respondent does not have any history of violence and referred to respondent as a “gentle giant.” The doctor testified that although respondent has not previously been ordered to AOT, he could benefit from it.
The doctor further testified that he has treated respondent many times in the past and that his current condition is the best the doctor has ever seen. The doctor maintained that respondent would not benefit from additional inpatient treatment, as respondent will never be “100 percent.” The doctor averred that the only safe means of discharging respondent is with an AOT plan.
This court is deeply troubled that respondent has indicated that he will likely be noncompliant with the proposed AOT order. By initially denying the application of the hospital, this court intended for respondent to stay at the hospital and undergo further treatment. However, regardless of the ruling of this court, respondent “may be discharged or conditionally released to the community by the director of a department facility, if, in the opinion of staff familiar with the patient’s case history, [respondent] does not require active in-patient care and treatment.” (Mental Hygiene Law § 29.15 [a].) Thus, this court is constrained to vacate its initial ruling denying the AOT application of the hospital. (See Matter of Manhattan Psychiatric Ctr., 285 AD2d 189 [1st Dept 2001].) The hospital has met its burden, by clear and convincing evidence, that respondent meets each of the criteria enumerated in Mental Hygiene Law § 9.60 (c). (See Matter of James D., 185 Misc 2d 836 [Sup Ct, NY County 2000].)
Parenthetically yet significantly, this court notes that valuable judicial time and resources were wasted conducting a full evidentiary hearing on the instant proceeding. There are many people incarcerated on Riker’s Island, who have not had their day in court with the speedy trial clock ticking. This court could be adjudicating serious felonies or some of the oldest civil matters on record to finally bring closure to the parties rather than rubber stamping AOT orders on consent. This court urges the legislature to consider eliminating the need for a full blown hearing in instances where the patient consents to AOT. In those instances, the court should be permitted to decide the matter upon the submission of proper papers.
*641 Accordingly, it is hereby ordered that the application of the hospital for an order pursuant to Mental Hygiene Law § 9.60 directing assisted outpatient treatment of respondent Jesglar C., is granted.